# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant.* | Civ. A. No. 21-2340 |

## JOINT STATUS REPORT

Pursuant to this Court's Order dated November 17, 2021, Plaintiff Citizens United and Defendant the U.S. Department of State ("Department") submit this joint status report:

1. This case involves a Freedom of Information Act ("FOIA") request submitted by Plaintiff on July 9, 2021, seeking the following records:

> All emails, memos and/or letters to or from or drafted by the following current or former State Department Wuhan Consulate or U.S. Embassy China employees: B. Jamison 'Jamie' Fouss; Russell Westergard; Christopher Green; Henley Jones; Charles Montgomery; Sarah Nelson; Michael Dubray; Damian Richard; David Nicholas; Xenis Jones; Scott Tolsma; Kathleen Hare; Nikolas Trendowski; Joel Christensen; Michael Escalona; Richard Jo; and/or Brian 'Rick' Switzer including any of the following terms: Wuhan Municipal Health Commission (WMHC); Wuhan Institute Of Virology (WIV); Market; Laboratory (Lab); Biological (Bio); Bio-Safety; Bioresearch; Switzer; Dr. Li Wenliang; World Health Organization (WHO); Dr. Tedros Adhanom Ghebreyesus; Dr. Anthony Fauci; Dr. George Gao; or Dr. Zunyou Wu.

The date range covered by this FOIA request is October 15, 2019 to March 1, 2020.

2. With respect to the status of Plaintiff's FOIA request, the Department states as follows:

   a. The Department continues to monitor COVID-19 cases, the spread of the Omicron variant of COVID-19, and related CDC guidelines. On September 28, 2021, the

Department established the COVID-19 Mitigation Process ("CMP") as its revised framework for upholding the model safety principles outlined in the Department's Workplace Safety Plan ("WSP").  This framework takes into account four local risk indicators to determine the appropriate on-site workforce posture in Department offices.  The CMP will continue to follow a staged re-entry approach based on those risk indicators, office need, and individual job requirements.  However, at this time, in the National Capital Region ("NCR") and many locations outside the NCR, the Department's Workforce Posture remains at the "mission-critical only" level.  Indeed, as of the date of this filing, the Department's FOIA workforce has not yet returned to its pre-pandemic on-site work posture, and the majority of FOIA personnel continue to work remotely.  The Department's current posture constrains the agency's ability to process FOIA requests, including the ability of internal Department components to timely complete search taskings.  These constraints also impact the Department's ability to obtain clearances from internal Department and external Executive Branch components.  While the Department has shifted to systems and staffing models under which portions of FOIA processing can be completed remotely, other portions of FOIA processing work must be completed by employees in the workplace, particularly searches for and processing of records that must take place on the Department's classified computer network.

       b.     The parties are in the process of narrowing the number of potentially responsive documents at issue in this case.  To date, the parties have already agreed to a number of narrowing measures but require additional time to further narrow the scope of the request by either removing some of the terms contained in the request altogether or searching for them in combinations of queries.  Plaintiff is currently considering a proposal from the Department for a more responsive, less voluminous search result.  The parties will continue to work to come to an

2

agreement on the appropriate scope of Plaintiff's FOIA request.

      c.      Due to the ongoing impact of the COVID-19 pandemic and mitigation measures on staffing, State intends to conduct searches for records on its classified systems once it has finished processing the unclassified records that are responsive to Plaintiff's FOIA request.

      d.      Given that the parties are still conferring regarding the appropriate scope of the FOIA request, the agency is not in a position to begin making productions of non-exempt, responsive material in this case. State anticipates that it will be able to provide a date for making an initial production in the parties' next joint status report.

3.      In the interest of efficiency, the parties propose that they submit a proposed motion briefing schedule after State completes its productions to Plaintiff and the parties have an opportunity to confer about the possibility of narrowing or eliminating any remaining disputes.

4.      The parties propose that they file a further joint status report on February 14, 2022, to update the Court on the status of this FOIA litigation.

Dated: December 15, 2021

Respectfully submitted,

*/s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   */s/ John Moustakas*
John Moustakas, DC Bar #442076
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendant*